**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**             )<br>                                                                  )<br>                   **Plaintiff,**                       )<br>                                                                  )<br>**vs.**                                                         )<br>                                                                  )<br>**CHRIS W. CARROLL a/k/a CHRISTOPHER**  )<br>**W. CARROLL, CARLA J. CARROLL n/k/a**      )<br>**CARLA J. HENKEN, and NATIONSCREDIT**   )<br>**FINANCIAL SERVICES CORPORATION,**          )<br>                                                                  )<br>                   **Defendants.**                  ) | **Civil No. 06-CV-347-MJR** |

**JUDGMENT AND ORDER
DIRECTING SALE OF MORTGAGED PROPERTY**

**REAGAN, District Judge:**

On March 2, 2007, the Clerk of the Court made an entry of default in this matter under **FEDERAL RULE OF CIVIL PROCEDURE 55(a)** (*see* Doc. 11). On March 26, 2007, the Government moved this Court for default judgment, pursuant to Rule 55(b). Having carefully considered the record, the Court **GRANTS** that motion (Doc. 12), after **FINDING AS FOLLOWS**:

1. This Court has jurisdiction of the parties to and subject matter of this suit. Defendants each have been properly served and have failed to answer or otherwise enter any appearance herein, and the time for answering has expired. Therefore, they are ordered defaulted.

2. The United States of America, acting through the Rural Housing Service or successor agency, United States Department of Agriculture, made loans to Chris W. Carroll a/k/a Christopher W. Carroll, Carla J. Carrolll n/k/a Carla J. Henken, secured by mortgages dated June 1, 1981 (Ex. A to complaint), August 28, 1986 (Ex. B), and December 22, 1988 (Ex. C), in the total principal amount of $49,980.00. These loans are evidenced by promissory notes dated June 1, 1981 (Ex. D), August 28, 1986 (Ex. F), and December 22, 1988 (Ex. H). On January 10, 2004, the United

States of America, acting through the Rural Housing Service or successor agency, United States Department of Agriculture, issued notices of acceleration (Ex. C). The mortgages were recorded in Mortgage Record Book 350, Pages 853 (Ex. A); Mortgage Record Book 393, Page 121 (Ex. B), and Mortgage Record Book 412, Page 168 (Ex. C), Marion County, Illinois.

  3. That the following are the names of persons and entity who may have claimed an interest in the above described property, but who are foreclosed from asserting their claim, if any, because of their default in this action: Chris W. Carroll a/k/a Christopher W. Carroll, Carla J. Carrolll n/k/a Carla J. Henken and Nationscredit Financial Services Corp.

  4. That by virtue of the mortgage and indebtedness thereby secured, Plaintiff United States of America has a valid and subsisting lien as follows:

   Common address: 162 Wham Drive, Salem, Illinois 62881

   Lot 47 of Great Oaks Subdivision of a part of the NE 1/4 of the NE 1/4
   of Section 23, T2N. R2E., situated in the City of Salem, Marion County,
   Illinois

  5. That by virtue of the mortgage and the indebtedness thereby secured, as alleged in the Complaint, there is due Plaintiff United States of America as follows:

  (a) For its own use and benefit for the costs of this suit and for:

| | |
|---|---:|
| U.S. Attorney's docket and recording fees | $ 380.00 |
| U.S. Marshals costs for service of summons | $ 481.24 |
| Fee to publish notice of pendency of action | $ 364.80 |
| Title expenses | $ 269.00 |
| TOTAL | $ 1,501.60 |

  (b) For the use and benefit of Plaintiff, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien for payment of the items mentioned in subparagraph (a) of this paragraph:

|  |  |
|---|---|
| Unpaid principal balance . . . . . . . . . . . . . . . . . . . | $ 35,351.83 |
| Subsidy recapture paid . . . . . . . . . . . . . . . . . . . . | $ 18,359.88 |
| Accrued interest at $8.422 per day due and unpaid as of March 20, 2007 . . . . . . . . . . . . . . . | $  8,160.16 |
| Total amount due plaintiff as of March 20, 2007, exclusive of foreclosure costs . . . . . . . . . . . . . . | $ 61,871.87 |

    (c)    In addition, Plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence, and costs of procuring abstracts of title, certificates, foreclosure minutes, and a title insurance policy.

    (d)    Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged real estate and Plaintiff is entitled to recover all such advances, costs, expenses, and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

    (e)    In order to protect the lien of the mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

    (f)    In order to protect and preserve the mortgaged real estate, it may also become necessary for Plaintiff to make such repairs to the real estate as may reasonably deemed necessary for the proper preservation thereof.

    (g)    Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

6.    That Marion County, Illinois, has a valid lien on the above-described property for tax for the year 2006, and the property will be sold subject to the interest of Marion County, resulting from taxes, general or special, which are a valid lien against the above-described property.

Accordingly, the Court **GRANTS** the Government's motion for default judgment (Doc. 12). **JUDGMENT IS HEREBY ENTERED** against Chris W. Carroll a/k/a Christopher W. Carroll, Carla J. Carrolll n/k/a Carla J. Henken and Nationscredit Financial Services Corp, and unless Chris W. Carroll a/k/a Christopher W. Carroll, Carla J. Carrolll n/k/a Carla J. Henken and Nationscredit Financial Services Corp and their assigns and successors in interest to the above-described property pay to plaintiff United States of America, acting through the Rural Housing Service or successor agency, United States Department of Agriculture, **within three days from the date of this Judgment/Order is entered on the docket** the sum of $63,373.47 with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the real estate described in paragraph 4 of this decree **SHALL BE SOLD AT PUBLIC SALE** to the highest bidder for 10% at time of sale and balance within 72 hours, subject to taxes, general or special, due and owing to Marion County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the Marion County Courthouse in the City of Salem, Illinois.

**JUDGMENT IS HEREBY ENTERED** in favor of the United States and against Chris W. Carroll a/k/a Christopher W. Carroll, Carla J. Carrolll n/k/a Carla J. Henken, and Nationscredit Financial Services Corp. The real estate shall be sold free and clear of any claimed liens of Chris W. Carroll a/k/a Christopher W. Carroll, Carla J. Carrolll n/k/a Carla J. Henken, and Nationscredit Financial Services Corp.

The United States Marshal for the Southern District of Illinois give public notice of the time, place, and terms of such sale, together with a description of the premises as referred to in paragraph 4 of this Judgment/Order to be sold, by previously publishing the same once each week for three (3) consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such

sale; that said United States Marshal may adjourn the sale so advertised by giving public notice by proclamation; that Plaintiff or any of the parties to this action may become the purchaser or purchasers at such sale; that upon such sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of sale and that said certificate of purchase shall be freely assignable by endorsement thereon.

This is a foreclosure of a mortgage of residential real estate.

The amount required to redeem shall consist of the total balance due as declared above plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential real estate is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The redemption period shall end in this case on the latter of (l) seven months after service of the mortgagors or (2) three months after the date of entry of the Judgment and Order Directing Sale of Mortgaged Property.

Out of the proceeds of such sale, the United States Marshal shall retain his disbursements and fees, and out of the remainder of said proceeds he shall pay to plaintiff $63,373.47, together with lawful interest to be computed thereon to the date of this decree and any court costs of this action in its behalf.  The United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his

report of sale to this Court, and in case said property shall sell for a sum more than sufficient to make the aforesaid payments, then after making said payments, he shall bring such surplus monies into Court without delay for further distribution by order of this Court.

After the 30th day said foreclosure sale is confirmed, the holder of the certificate of sale shall be entitled to **IMMEDIATE POSSESSION** of the real estate upon payment of the sale purchase price, without notice to any party or further order of the Court.  The mortgagors shall peaceably surrender possession of said property to said certificate holder immediately upon expiration of said 30-day time period.  In default of the mortgagors so doing, an order of ejectment shall issue.

Upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed.  Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto.  Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

If the monies arising from the sale are insufficient to pay sums due to Plaintiff with interest after deducting the costs, said United States Marshal shall specify the amount of deficiency in his report.

The Court hereby **RETAINS JURISDICTION** of the subject matter of this cause and the parties hereto for the sole purpose of enforcing this Order, and the United States Marshal shall report his actions at the earliest possible time.

**IT IS SO ORDERED.**

**Dated this 30th day of March, 2007.**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**